IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL MUSIC GmbH d/b/a BRAVADO, <br><br> Plaintiff, <br><br> v. <br><br> BELLA STORE NO. 1 et al., <br><br> Defendants. | Case No.: 20-cv-4217 <br><br> Judge: John Z. Lee |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF JOINDER**

At least the following twelve Defendants [No. 13 chenqiong 929, No. 14 five A, No. 15 FOR AMAZING, No. 45 bright month, No. 46 gddshwetg9845, No. 47 yangjianghua815, No. 79 dgsjtn, No. 86 fczxdw Friday, No. 98 henghenghahashenghuo, No. 100 huangjinping888666, No. 164 wenjiao666 and No. 186 zhoumaomao fashion] listed in Plaintiff's Amended Complaint filed on July 17, 2020 are properly joined as Defendants in this matter. [Docket No. 8].

Federal Rule of Civil Procedure 20(a)(2)(A)-(B) states that parties may be joined in one action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." (F.R.C.P. 20(a)).

Courts in this District have found joinder of defendants in factually similar cases proper. For example, Judge Lefkow found joinder proper in *Too Faced Cosmetics, LLC v. Operators of KTKT Store, et al.*, No. 19-cv-07762 (N.D. Ill. Nov. 25, 2019) (see Dkt. Nos. 22, 27 and 30) and

*Gold's Gym Licensing LLC v. Operators of dropshipping fastship Store, et al.*, No. 19-cv-07446 (N.D. Ill. Nov. 11, 2019) (see Dkt. Nos. 32, 38 and 43).

The leading case interpreting Fed. R. Civ. P. 20, *Mosely v. General Motors Corp.*, held that "all *'logically related'* events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terns as used in Rule 20 would permit *all reasonably related claims* for relief by or against different parties to be tried in a single proceeding." *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citations omitted) (emphasis added); *see also*, *United States v. Mississippi*, 380 U.S. 128, 142 (1965) (joinder proper even though defendants were independent actors, because defendants' actions were part of same series of transactions or occurrences); *Civil Aeronautics Bd. v. Carefree Travel, Inc.*, 513 F.2d 375, 384 (2d Cir. 1975) (joinder proper when "operative facts are related even if the same transaction is not involved"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (allowing joinder for a "series of occurrence of similar types and with similar purposes").

As such, joinder of the Defendants in this case is permitted by Fed. R. Civ. P. 20, particularly at this stage of the proceeding.

In the present case, all twelve Defendants have been accused of the same illegal acts of selling counterfeit trademarked Volbeat products in a series of transactions and occurrences as described in Plaintiff's Amended Complaint. Moreover, there are common questions of law and fact related to the twelve named Defendants.

By examining the store fronts of the Defendants listed below, this Court can determine that they all share nearly identical webpage design, provide similar descriptions of the products being sold and are selling identical counterfeit goods. Even the models displaying the t-shirts

overlap. The only differentiating factor between the storefronts is their name. Furthermore, the prices for the products are substantially the same. (See below and Exhibit 2 to the Declaration of Anna Reiter [Dkt. Nos. 11-13]).

**No. 13 chenqiong929**




**No. 14 FiveA**

3



**No. 15 FOR AMAZING**

**No. 45 brightmonth**




**No. 46 gddshwetg9845**




**No. 47 yangjianghua815**

5





**No. 79 dgsjtn**



**No. 86 fczxdw Friday**

6




**No. 98 henghenghahashenghuo**




**No. 100 huangjinping888666**

7







**No. 164 wenjiao666**

**No. 186 zhoumaomao fashion**

 

In conclusion, since the Defendants storefronts are strikingly similar, the models displaying the products are substantially the same, are selling the same products and use similar ad copy to promote the same products, joinder of the Defendants at this stage of the case is appropriate.

Respectfully submitted,

Dated: August 3, 2020

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
UNIVERSAL MUSIC GmbH d/b/a BRAVADO

9

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Plaintiff's Memorandum in Support of Joinder was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on August 3, 2020.

                                                                            s/Michael A. Hierl